## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **BRAYAN STEVEN RIVERA COLATO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01632-DB** |
| | § | |
| **MICHAEL WALKING**, *Warden of Camp* | § | |
| *East Montana*, *et al.*, | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the above-captioned case. On June 12, 2026, Petitioner

Brayan Steven Rivera Colato ("Petitioner") filed an "Application to Proceed in District Court

Without Prepaying Fees or Costs," ECF No. 1. Thereafter, the Court issued an order granting

Petitioner leave to proceed *in forma pauperis* ("IFP") and directing the District Clerk's Office to

file his "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("Petition"), ECF No. 3. *See*

ECF No. 2. Having granted Petitioner leave to proceed IFP, the Court now considers whether

Petitioner has pled sufficient facts establishing a habeas claim, such that the Petition survives

scrutiny under the prescreening provisions contained in 28 U.S.C. § 1915[1] and Rule 4 of the Rules

Governing Section 2254 Cases.[2] After due consideration, the Court concludes Petitioner has failed

---

[1] *See* 28 U.S.C. § 1915(e)(2) (requiring courts to "dismiss [a] case . . . [where] the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted.").

[2] *See SAUL CHAVEZ MONTIEL, Petitioner, v. KRISTI NOEM, et al., Respondents.*, No. 4:26-CV-01426, 2026 WL 926715, at *1 (S.D. Tex. Apr. 6, 2026) ("A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241."); *see also* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a)–(b) (providing that although the Habeas Rules primarily "govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254," "[t]he district court may apply any or all of [the Habeas Rules] to a habeas corpus petition not" filed under that provision).

to plead sufficient facts[3] demonstrating he is being held in violation of the Constitution or the laws of the United States.[4] However, rather than dismiss the case, the Court grants Petitioner thirty (30) days to amend his Petition or hire an attorney to file an amended Petition on his behalf.

Accordingly, **IT IS HEREBY ORDERED** Petitioner **SHALL** either: (1) amend his Petition such that a viable claim for habeas relief is established; or (2) hire an attorney to represent him in this matter and file an amended petition on his behalf within **thirty (30) days** of the instant Order. The amended petition should specifically identify:

1. petitioner's country of origin;

2. the date Petitioner entered the United States;

3. the date Petitioner was taken into immigration custody; and

4. the date Petitioner was provided a bond hearing before an immigration judge, if applicable.[5]

Petitioner is forewarned that failure to comply by the deadline stated herein may result in dismissal.

---

[3] *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) ("A habeas petition 'need only set forth facts giving rise to the cause of action.'") (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

[4] *See e.g.*, *Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was denied a bond hearing justifying his detention, was entitled to habeas relief); *Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was subject to a final order of removal and had been held in custody for fourteen months, was entitled to habeas relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026) (holding that petitioner, who was subject to a final order of removal, previously released on an Order of Supervision, and not provided notice or an informal interview under 8 C.F.R. § 241, was entitled to habeas relief).

[5] If Petitioner was provided a bond hearing before an immigration judge, Petitioner should describe, in detail, what occurred during those proceedings and the outcome.

**IT IS FURTHER ORDERED** that the District Clerk **SHALL MAIL** a copy of this Order to Petitioner at the address on file with the District Clerk's Office.

**SIGNED** this **17th** day of **June 2026**.

_____

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE